Filed 8/13/25  P. v. White CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C101268 |
| Plaintiff and Respondent, | (Super. Ct. No. 17FE008801) |
| v. | |
| DEVON ANTHONY WHITE, | |
| Defendant and Appellant. | |

In 2018, defendant Devon Anthony White pleaded guilty to the negligent discharge of a gun.  He also admitted the allegations that he committed the crime for the benefit of a criminal street gang and that he had prior felony convictions.  Pursuant to a plea agreement, the trial court sentenced defendant to 15 years in state prison.

In 2023, the trial court resentenced defendant pursuant to Penal Code[1] section 1172.75 because his original sentence included an enhancement under section 667.5, subdivision (b).  The trial court struck that enhancement but otherwise left

---

[1]     Further undesignated statutory references are to the Penal Code.

1

his sentence unchanged. On appeal, defendant argues his counsel was ineffective by not arguing his gang enhancement conviction (§ 186.22) should be vacated because the law changed in the interim to include an additional element he did not admit. Defendant alternatively asks us to remand the case to the trial court for further proceedings on this issue. The People concede defendant's counsel was ineffective and ask that the case be remanded for further proceedings. We agree the case should be remanded.

BACKGROUND

In this case, the amended felony complaint charged defendant with driving a vehicle with the intent to evade peace officers (Veh. Code, § 2800.2, subd. (a)), discharging a firearm in a negligent manner (§ 246.3), being a felon in possession of a firearm (§ 29800, subd. (a)(1)), and carrying a loaded gun in a car in a public place (§ 25850, subd. (a)). The complaint further alleged defendant committed these offenses for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)) and defendant had prior convictions (§§ 667, subds. (a), (b)-(i), 667.5, subd. (b), & 1170.12).

Pursuant to a plea agreement, defendant pleaded no contest to negligent discharge of a firearm and admitted he had prior strike convictions under sections 667, subdivisions (a), (b) through (i), 1170.12 and 667.5, subdivision (b). As relevant here, the factual basis for the plea was as follows: "defendant did willfully and unlawfully discharge a firearm in a grossly negligent manner which could have resulted in injury or death to a person. [¶] Furthermore, defendant . . . committed the above offense for the benefit of, at the direction of, in association with a criminal street gang, to wit, GMob and Guttah, . . . with the specific intent to promote, further, and assist in criminal conduct by gang members, pursuant to [section] 186.22[, subdivision ](b)(1)."

In 2018, section 186.22 contained no requirement the benefit to the gang had to be "more than reputational." (Former § 186.22; Stats 2017, ch. 561, § 179.) By virtue of Assembly Bill No. 333 (2020-2021 Reg. Sess.) (Assembly Bill 333) effective in 2022, section 186.22, subdivision (g) includes that requirement.

2

The trial court sentenced defendant to an aggregate term of 15 years in state prison:  a two-year term for the discharge of a firearm doubled to four years, a five-year term pursuant to section 667, subdivision (a), and a one-year term pursuant to section 667.5, subdivision (b).

The matter returned to the trial court in 2023 because the Department of Corrections and Rehabilitation identified defendant as having a sentence enhancement imposed under section 667.5, subdivision (b) which was no longer valid.  Upon receipt of the notice, the trial court appointed counsel and requested briefing as to whether defendant sought other changes to his sentence.

Defendant filed three briefs asking the court to reduce his sentence further in light of changes to the law embodied in Assembly Bill No. 124 (2021-2022 Reg. Sess.), Senate Bills Nos. 567 (2021-2022 Reg. Sess.), 81 (2021-2022 Reg. Sess.), and 483 (2021-2022 Reg. Sess.).  Defendant did not proffer Assembly Bill 333 as a reason to change his sentence.  The People argued defendant's sentence of 14 years, after the court dismissed the single one-year enhancement, remained appropriate.

At resentencing, the trial court stated, "[Defendant] entered a plea agreement, which I don't know who defense counsel was, they did a pretty good job for him, that he was able to plea around another four and a half years, I believe.  [¶]  [Defendant]'s record was somewhat problematic in that in 2010 he was sentenced to state prison following a conviction for a [section] 10851 of the Vehicle Code as well as a [section] 2800[, subdivision ](a).  He was accepted into prison on [April 15, 2010] and paroled shortly thereafter on . . . November 4th of 2010, then shortly thereafter he was sentenced to state prison for a [section] 12021[, subdivision ](a)(1), with a possession of an automatic pistol.  [¶]  He was released and violated, and then on March 22nd, 2013, received a four-year prison sentence for [section] 29800[, subdivision ](a)(1), was accepted into prison custody on [April 11], was paroled on [January 15], and then sentenced on this case in 2017.  [¶]  Had defendant gone to trial and had [he] received the

3

maximum, I would have been prepared to sentence him to something less. But I believe that the plea agreement that was reached is in the interest of justice. He received, I believe, a mid term sentence, not an upper term, which was doubled pursuant to the recent strike as well as the [section] 667[, subdivision ](a) and the gang enhancement for a total of 15 years. The Court will strike the one year enhancement and sentence him to a total of 14 years."

Defendant filed a timely notice of appeal.

DISCUSSION

Defendant argues the facts he admitted in 2018 do not support the imposition of a sentence under section 186.22 in 2023 because the statute was changed in 2022 to include the additional element that the benefit to the gang be "more than reputational." On this basis, he alternatively argues this conviction should be vacated or we should remand this case for further proceedings. He further asserts we should reach this issue despite the fact his counsel failed to raise it because his counsel was ineffective. The People concede defendant's counsel rendered ineffective assistance on this point and ask that we remand the matter for further proceedings. We agree that remand is appropriate.

*A. Forfeiture and Ineffective Assistance*

The People argue this issue was forfeited but concede defendant's counsel was ineffective for not raising the issue and that defendant suffered prejudice as a result. Again, we agree.

As a general rule, failure to raise an issue at sentencing forfeits that issue on appeal. (*People v. Scott* (1994) 9 Cal.4th 331, 351.) Here, defendant failed to raise the implications of Assembly Bill 333 in his original sentencing brief, his supplemental brief, his second supplemental brief, or at the hearing

We retain the discretion, however, to disregard a forfeiture and take up the issue on appeal. (*People v. Williams* (1998) 17 Cal.4th 148, 161-162, fn. 6.) As conceded by the People, it is proper for us to do so here, because the record demonstrates defendant's

4

counsel did not provide effective representation when counsel failed to raise this applicable material change in the law.

To establish a claim of ineffective assistance of counsel, defendant must prove that (1) trial counsel's representation was deficient because it fell below an objective standard of reasonableness under prevailing professional norms, and (2) the deficiency resulted in prejudice to defendant. (*People v. Mai* (2013) 57 Cal.4th 986, 1009; *Strickland v. Washington* (1984) 466 U.S. 668, 687-688.) "When examining an ineffective assistance claim, a reviewing court defers to counsel's reasonable tactical decisions, and there is a presumption counsel acted within the wide range of reasonable professional assistance. It is particularly difficult to prevail on an *appellate* claim of ineffective assistance. On direct appeal, a conviction will be reversed for ineffective assistance only if (1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation." (*Mai*, at p. 1009.)

To demonstrate prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." (*Strickland v. Washington*, *supra*, 466 U.S. at p. 694.)

Like the People, we do not see a satisfactory explanation for trial counsel not arguing that defendant's admission no longer supported a true finding that he violated section 186.22. Further, it is reasonably probable defendant would have achieved a more favorable outcome if his counsel had raised this issue during his resentencing.

B.      *Retroactive Application of Section 186.22*

Turning to the merits, defendant argues the change in section 186.22 is ameliorative and should be applied to his nonfinal judgment in these section 1172.75 proceedings. We agree.

5

Under section 1172.75, subdivision (c), when a trial court reviews the judgment and verifies the current judgment includes a sentencing enhancement under section 667.5, subdivision (b), it is required to recall the sentence and resentence the defendant. Upon recall of an original sentence, as occurred here, the original criminal judgment is no longer final. (*People v. Salgado* (2022) 82 Cal.App.5th 376, 378.)

Any subsequent resentencing "shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety." (§ 1172.75, subd. (d)(1).) Upon resentencing, the court is also required to "apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).) "By its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements." (*People v. Monroe* (2022) 85 Cal.App.5th 393, 402.)

In *People v. Lopez* (2025) 17 Cal.5th 388, our Supreme Court examined the changes brought about by Assembly Bill 333 to the gang enhancement statute. (*Lopez*, at pp. 395-396.) As relevant here, Assembly Bill 333 changed the law to require that any " 'common benefit' " to a criminal street gang must be " 'more than reputational' " citing section 186.22, subdivision (g). (*Lopez*, at p. 396; see also *People v. Sek* (2022) 74 Cal.App.5th 657, 667.) The Supreme Court held the amendments brought about by Assembly Bill 333 are ameliorative and thus retroactively apply to nonfinal judgments under the rule of *In re Estrada* (1965) 63 Cal.2d 740. (*Lopez*, at p. 396.)

At the time this defendant submitted his plea, the criminal street gang statute did not contain the element requiring the benefit to the criminal street gang be more than reputational. Further, the factual basis the prosecutor recited for the crime was that at the time defendant discharged a firearm, he did so "for the benefit of, at the direction of, in

6

association with a criminal street gang, to wit, GMob and Guttah, . . . with the specific intent to promote, further, and assist in criminal conduct by gang members, pursuant to Penal Code [s]ection·186.22[, subdivision ](b)(1)." Thus, the "more than reputational benefit" requirement was not contained in the statute, nor included in the language of the stated factual basis. When the court resentenced defendant, there was no evidence establishing defendant's guilt on the reputational benefit requirement of the criminal street gang enhancement. As a result, we reverse the true finding on the enhancement.

C.      *Remedy*

The People argue we should remand the case to provide the prosecution an opportunity to prove the gang offense and enhancements under the amended gang statute. Defendant's alternative argument concurs with this approach. We agree.

*People v. Eagle* (2016) 246 Cal.App.4th 275 is instructive. There, defendant pleaded no contest to transportation of methamphetamine. (*Id.* at p. 278.) After his plea, but before his conviction was final, the law changed to add an additional element to the crime requiring that the transportation must have been for sale. (*Ibid.*) Defendant moved to vacate his conviction. (*Ibid.*) While the parties and the appellate court agreed the new law should be applied retroactively and that defendant had not admitted the new element, this court held, "[w]hen a statutory amendment adds an additional element to an offense, the prosecution must be afforded the opportunity to establish the additional element upon remand. [Citation.] Such a retrial is not barred by the double jeopardy clause or ex post facto principles because the question of whether defendant transported the methamphetamine for sale was not relevant to the charges at the time of trial and accordingly, this question was never tried. [Citation.] Accordingly, we must reverse defendant's conviction of transporting methamphetamine and remand the matter back to the trial court for further proceedings." (*Id*. at p. 280.)

The same rationale applies here. The new "more than reputational" benefit requirement was not contained in the original statute. On remand, the People should have

an opportunity to prove up the enhancement.  Alternatively, defendant may stipulate to it, or the trial court may find the enhancement not true as no evidence in the record supports it as required under the current version of the statute.

DISPOSITION

The true finding for the criminal street gang enhancement (§ 186.22, subd. (a)) is reversed.  The matter is remanded to the trial court for further proceedings consistent with section 1172.75.[2]

/s/
WISEMAN, J.[*]

We concur:

/s/
MAURO, Acting P. J.

/s/
KRAUSE, J.

---

[2]     In light of the reversal due to ineffective assistance of counsel, the clerk of this court is directed to give the required notice and a copy of this opinion to the State Bar of California and to trial counsel.  (Bus. & Prof. Code, § 6086.7, subd. (a)(2); Cal. Rules of Court, rule 10.1017.)

[*] Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.